IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:24-cr-216-ECM |
| | )          [WO] |
| TERRANCE EDWARDS, *et al.* | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are unopposed motions to continue trial filed by Defendants Anthony Williams ("Williams"), Kevon Green ("Green"), and Terrance Edwards ("Edwards"). (Docs. 235, 236, 244). Jury selection and trial are presently set on the term of court commencing on October 21, 2024. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for Williams, Green, and Edwards each represents to the Court that additional time is needed to prepare for trial because there is voluminous discovery, including numerous recorded telephone calls, which defense counsel still needs to receive and review in full. (Doc. 235 at 1; doc. 236 at 1; doc. 244 at 1). Additionally, a superseding indictment was issued on August 13, 2024 (doc. 153), and at least one codefendant has not yet been arrested. Defense counsel represents that neither the Government nor the other codefendants oppose a continuance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motions to continue (docs. 235, 236, 244) are GRANTED as to all Defendants, and jury selection and trial are CONTINUED from October 21, 2024, to the criminal term of court set to commence on **January 27, 2025, at 10:00 a.m.** in **Dothan**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the January trial term.

Done this 26th day of September, 2024.

          /s/ Emily C. Marks
         EMILY C. MARKS
         CHIEF UNITED STATES DISTRICT JUDGE